Iocovello v. City of New York and Police Officer Erica Francis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> <u>Circuit Judges</u>.

_____

Joseph Iocovello,

> <u>Plaintiff-Appellant</u>,

> v.                                                                17-132

City of New York and Police Officer Erica
Francis,

<u>**Defendants-Appellees**</u>

**New York Police Department and New York City Department of Sanitation**

<u>**Defendants**</u>

_____

FOR PLAINTIFF-APPELLANT:      Christopher H. Fitzgerald, Law Office of Christopher H. Fitzgerald, New York, NY.
Joshua Moskovitz, Bernstein, Clarke & Moskovitz PLLC, New York, NY

FOR DEFENDANTS-APPELLEES:      Eric Lee (Richard Dearing, <u>on the brief</u>), Assistant Corporation Counsel for the City of New York, <u>for</u> Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joseph Iocovello appeals from the district court's grant of summary judgment, dismissing on qualified immunity grounds, his false arrest claims brought under 42 U.S.C. § 1983 and New York state law against New York City Police Officer Erica Francis.   Iocovello argues on appeal that the district court adopted the defendants' version of disputed facts and relied on the erroneous proposition that, under New York law, probable cause to arrest can rest solely on

the word of an alleged eyewitness or victim.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

    **1**.    Summary judgment is to be granted if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   The district court properly applied Rule 56 in dismissing Iocovello's suit.

    "An officer is entitled to qualified immunity against a suit for false arrest if he can establish that he had arguable probable cause to arrest the plaintiff." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015) (internal citation and quotation marks omitted).   "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."   Id. (internal citation and quotation marks omitted).   Probable cause to arrest exists if "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."   Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).   "In an unlawful arrest action, an officer is subject to suit only if his judgment was so flawed that no reasonable officer would have made a similar choice."   Amore v. Novarro, 624 F.3d 522, 531 (2d Cir. 2010) (alteration, internal citation and quotation marks omitted); see also Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002).   When deciding "whether probable cause exists[,] courts must consider those facts *available to the officer at the time* of the arrest and immediately before it, as [p]robable cause does not require absolute certainty."   Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (internal citations and quotation marks omitted; emphasis in original).

    Officer Francis, upon arriving at the scene of a fracas, first spoke with Iocovello, a supervisor at the New York City Department of Sanitation, who told her that Walter King, Iocovello's subordinate, had assaulted him.   Iocovello appeared to have suffered an injury to his leg.   Next, Officer Francis spoke with

King, who stated that he had been assaulted by Iocovello after a verbal dispute, and that his back was hurt in the alleged assault. Officer Francis arrested both men. Iocovello did not dispute these facts; rather, he stipulated to the truthfulness of each fact as asserted in Officer Francis' S.D.N.Y. Local Civil Rule 56.1 Statement, responding to each as "[n]ot disputed for the purposes of this motion." Joint App'x at 161–64. So, relying on these undisputed facts, the district court held that it could not conclude "that no reasonably competent officer would have determined that Officer Francis had probable cause to arrest Iocovello for third-degree assault or third-degree menacing," as defined under New York law, and granted Officer Francis' motion for summary judgment. Id. at 217. The district court thus applied the proper standard for summary judgment.

**2.** As to whether the district court adopted an erroneous standard that a police officer can find probable cause to arrest based solely upon the complaint of an alleged victim, Iocovello misunderstands our precedent. A police officer may rely on the statements of a putative victim or witness to determine if probable cause exists for an arrest, unless the officer is presented with a reason to doubt the witness' veracity. Panetta, 460 F.3d at 395; see also Oliveira v. Mayer, 23 F.3d 642, 647 (2d Cir. 1994) ("[W]hen information furnished by a single complainant suffices to establish probable cause, such information often comes from the victim, who has provided specific details of the crime."); Miloslavsky v. AES Eng'ring Soc'y, 808 F.Supp. 351, 355 (S.D.N.Y.1992) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed."), aff'd, 993 F.2d 1534 (2d Cir.1993), cert. denied, 510 U.S. 817 (1993). It is undisputed that, at the scene of the incident, King told Officer Francis he and Iocovello had grabbed each other and that his back was injured. It is also undisputed that "Officer Francis did not doubt the reliability of Walter King['s]" statements to her, based on her observations at the scene. Joint App'x at 163. This evidence was enough to establish arguable probable cause to arrest Iocovello for third degree assault. See N.Y. Pen. Law § 120.00.

The eyewitnesses to the altercation between King and Iocovello prepared handwritten statements, each of which indicated that King attacked Iocovello. It

4

is disputed however, whether Officer Francis had the opportunity to, or did, read the statements before arresting Iocovello and King. Even viewing the evidence in the light most favorable to Iocovello to the effect that Officer Francis had indeed seen the statements before the arrests, Office Francis nevertheless had arguable probable cause to arrest Iocovello based on King's statement alone. See Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) ("[W]e have found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee."). "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

Iocovello argues that he displayed visible injuries, that King did not, and that King is a much physically larger man, such that a reasonable police officer could not have thought that Iocovello assaulted King. However, a reasonable officer responding to this workplace incident may have assumed that a fight involving both Iocovello and the much larger King could logically lead to the smaller person having the greater signs of injury. See Martinez v. Simonetti, 202 F.3d 625, 635 (2d Cir. 2000) (plaintiff's account that he could not have been the aggressor since he was "severely injured" and therefore was falsely arrested was not inconsistent with account of resisting arrest or officer's conclusion that plaintiff committed a crime); Curley, 268 F.3d at 70. There was also no need for an in-depth investigation once Officer Francis heard King's version of the events, viewed evidence that a scuffle had occurred between Iocovello and King, and had no reason to doubt the veracity of King's statements:

> Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest. Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted.

5

<u>Curley</u>, 268 F.3d at 70 (internal citations omitted); <u>see also</u> <u>Krause v. Bennett</u>, 887 F.2d 362, 372 (2d Cir. 1989) ("Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury.   Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.").

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk